Cite as 2020 Ark. 2

# SUPREME COURT OF ARKANSAS

No. CR-19-732

| | |
|---|---|
| GREGORY J. MARTIN<br>PETITIONER | **Opinion Delivered** January 9, 2020 |
| V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE MOTION FOR BELATED APPEAL [MILLER COUNTY CIRCUIT COURT, NO. 46CR-17-440] |
| | RESPONSE ORDERED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Gregory J. Martin was convicted of aggravated robbery for which he was sentenced to 156 months' imprisonment in the Arkansas Department of Correction. On September 19, 2019, a partial record was tendered to this court, and on the same date, Martin filed the motion for belated appeal that is now before this court requesting leave to proceed with a belated appeal of his conviction. Martin's motion for belated appeal was filed within the eighteen-month time limitation to file the motion. *See* Ark. R. App. P.–Crim. 2 (2019).

In his motion, Martin alleges that after he was tried and found guilty by a jury, he informed his retained trial counsel, Jasmine Crockett, of his desire to appeal, but she did not file a notice of appeal and "has[] n[o]t responded to the many attempts to contact her to fix the situation." Martin attached an affidavit to his belated-appeal motion asserting that he had expected and wished his counsel to file a notice of appeal; however, Martin fails to reveal in his affidavit if the alleged request for an appeal was made within the requisite time

frame for filing a notice of appeal. *See Cribbs v. State*, 2019 Ark. 158 (A defendant waives his right to appeal by his failure to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal.). Martin subsequently filed a pro se notice of appeal on June 25, 2019. However, he was not able to perfect an appeal because the notice was not timely filed.

When a pro se motion for belated appeal is filed in which the petitioner contends that he made a request to appeal and the record does not contain an order relieving trial counsel, it is the practice of this court to request an affidavit from the trial attorney in response to the allegations in the motion. *Id*. The trial record indicates that counsel filed a motion to withdraw as counsel and appointment of new counsel on June 22, 2018. However, there is no evidence that an order was entered relieving trial counsel from representing Martin.[1]

Crockett was served with the pro se motion for belated appeal by certified mail and has not responded. In order to determine whether counsel was relieved or whether she was advised by Martin of his desire to appeal and whether that request was timely made, a response is required. We order that trial counsel respond to the motion for belated appeal within ten days of this order.

Response ordered.

---

[1]An order granting Martin's motion for indigency for purposes of appeal was filed on June 22, 2018, the day after Martin appeared before the trial court for sentencing on June 21.